JUAN VÁZQUEZ VELÁZQUEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; JUAN FONSECA DE JESÚS, lesionado.

Núm. 372.—*Sometido:* Febrero 24, 1947. *Resuelto:* Marzo 26, 1947.

*C. H. Juliá,* abogado del recurrente; *Herminio A. Concepción,* abogado del obrero lesionado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Juan Fonseca de Jesús, obrero lesionado, a cuyo favor se dictó resolución por la Comisión Industrial de Puerto Rico, solicita desestimemos este recurso por haber sido establecido por el patrono, Juan Vázquez Velázquez, fuera de término y carecer, por tanto, este Tribunal de jurisdicción. Veamos los hechos.

La Comisión Industrial dictó resolución contra el recurrente el día 30 de agosto de 1946 siendo notificadas las partes el día 5 de septiembre. El 16 de septiembre el patrono solicitó la reconsideración la cual fué declarada sin lugar por resolución del día 20 de noviembre y notificada el mismo día a las partes.

Aun cuando la ley no provee un recurso de apelación en estos casos, el patrono radicó ante la Comisión Industrial un escrito de apelación el día 22 de noviembre de 1946. Esto no obstante el 20 de diciembre de 1946 el patrono radicó ante la Comisión una segunda moción solicitando la reconsidera-

ción de la resolución original y de la denegatoria de la reconsideración anterior, y la Comisión, el 27 de diciembre de 1946, dictó resolución diciendo: "A la segunda moción de reconsideración de 20 de diciembre de 1946, radicada por el patrono, fuera del término que concede la Ley a tal fin, NO HA LUGAR."

El 10 de enero de 1947 fué que el patrono radicó su petición en este Tribunal Supremo solicitando la revisión de las tres resoluciones dictadas por la Comisión Industrial.

El recurrente, en oposición a la desestimación solicitada, alega, primero, que por el hecho de haber este Tribunal expedido el auto en este caso ordenando a la Comisión que enviara los autos originales del caso no procede que ahora desestimemos el recurso, y, segundo, que habiendo estado ausente de Puerto Rico el abogado del patrono cuando la Comisión Industrial notificó la resolución de 20 de noviembre de 1946, no fué hasta el 20 de diciembre, cuando ya había regresado, que recibió dicha notificación y radicó su segunda moción de reconsideración, y, tercero, que su recurso es meritorio pues "si bien es cierto que solamente se entiende (sic) revisar cuestiones de hecho . . . no es menos cierto que es muy manifiesto el error de apreciación cometido por (la) Comisión Industrial . . . ".

Los dos primeros motivos de oposición carecen de méritos. El hecho de que este Tribunal haya expedido el auto de revisión no implica que cualquier parte interesada nos llame la atención hacia el hecho de que carecemos de jurisdicción para seguir conociendo del caso. Podríamos, motu proprio, plantear la cuestión jurisdiccional y oír a las partes antes de resolverla. Tampoco la ausencia de Puerto Rico del abogado del recurrente, cuando fué notificado de la resolución el 20 de noviembre de 1946, puede excusarle de dar cumplimiento a los términos señalados por la Ley de Compensaciones por Accidentes del Trabajo (Ley número 45 de

18 de abril de 1935),(¹) la cual, en sus artículos 10, párrafo segundo, y 11 (según enmendado por la Ley número 121 de 2 de mayo de 1940), dispone lo siguiente:

"Artículo 10.— *   *   *   *   *   *

"Si el caso fuere señalado para ser oído por un Comisionado, la vista tendrá lugar en la localidad donde haya ocurrido el accidente o en cualquier otro sitio que la Comisión Industrial designare, y la decisión del Comisionado, junto con una exposición de la evidencia, y sus conclusiones sobre los hechos y el derecho, y otras materias pertinentes a la cuestión planteada ante él, será radicada en la Comisión Industrial para su decisión; *Disponiéndose,* que la Comisión podrá *motu proprio,* o a solicitud de parte interesada, reconsiderar sus decisiones; *Y disponiéndose, además,* que en este último caso la petición de reconsideración deberá presentarse dentro de los diez días a contar de la fecha en que el interesado reciba la notificación de la decisión de la Comisión.

"Artículo 11.—Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con esta Ley, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince (15) días después de su notificación; *Disponiéndose,* que dicha revisión solamente podrá concederse sobre cuestiones de derecho o apreciación de prueba cuando ésta sea de carácter pericial.''

◼◼ Habiendo la Comisión Industrial denegado la primera moción de reconsideración del patrono el 20 de noviembre de 1946 y notificado al patrono y su abogado el mismo día, es obvio que la segunda moción de reconsideración presentada por el patrono el 20 de diciembre de 1946 lo fué después de haber expirado el término de diez días que le concede el artículo 10, supra, para solicitar reconsideración y asimismo que la solicitud de revisión radicada en este Tribunal Supremo el 10 de enero de 1947 lo fué cuando ya había expirado el término de quince días especificados en el

---

(¹)El hecho de que, erróneamente, radicara un escrito de apelación ante la Comisión Industrial no tuvo efecto legal alguno ya que la ley no autorizó tal recurso. El propio recurrente así debió comprenderlo cuando ninguna gestión ulterior realizó en relación con dicho escrito de apelación.

artículo 11, supra, y, en su consecuencia, forzoso es concluir que no erró la Comisión Industrial al denegar la segunda moción de reconsideración y, además, que habiéndose interpuesto el presente recurso cincuenta y un días después de notificado el abogado del patrono de la resolución de noviembre 20 de 1946, carecemos de jurisdicción para continuar conociendo del mismo por ser firmes las resoluciones dictadas por la Comisión Industrial.

*Procede anular el auto expedido y desestimar el recurso.*